UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER W. WEEKS, <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF ASHLAND, et al., <br><br> Defendants. | Civil Action No. 25-30165-MGM |

MEMORANDUM AND ORDER
November 3, 20255

MASTROIANNI, U.S.D.J.

For the reasons set forth below, the court allows Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. No. 9). If Plaintiff wishes to proceed with this action, the court grants him time to file an amended complaint that sets forth a plausible claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff Christopher Weeks, a resident of Springfield, Massachusetts, filed his self-prepared "Emergency Complaint for Declaratory and Injunctive Relief Under 42 U.S.C. § 1983, Emergency Motion for Temporary Restraining Order (TRO), and Demand for Jury Trial." (Dkt. No. 2.) The case caption identifies the following Defendants: Town of Ashland, City of Framingham, Framingham Police Department, Ashland Police Department, Marian T. Ryan (Middlesex DA), Nancy Hamilton, Nevin Hamilton, Michael Herbert, Chief Cara Rossi, Chief Lester Baker, unknown Judge, Jenifer Stark and others. (*Id.*) Plaintiff alleges that he "was falsely arrested Dec 18, 2023; three malicious criminal matters were pursued and later dismissed." (*Id.* at 1.) Plaintiff states that a hearing was scheduled for 9:00 a.m. on September 22, 2025, in *Commonwealth v. Weeks*, 2349CR002122 in Framingham District Court and that he "reasonably fears imminent wrongful arrest and physical danger if required to appear." (*Id.*)

Plaintiff contends that the "prosecution is being used as harassment to silence Plaintiff's whistleblowing and civil-rights complaints. (*Id.*) For relief, Plaintiff seeks to have this court enjoin the defendants from (1) arresting or detaining plaintiff in connection with the criminal case; (2) proceeding with any hearing or enforcement action related to the criminal case; and (3) taking any retaliatory measures against Plaintiff for his whistleblowing or protected activity during the pendency of this action. (*Id.* at 2.) Attached to the 2-page complaint are over 400 pages of exhibits. (*Id.*)

By Electronic Order dated September 19, 2025, the court denied Plaintiff's Emergency Motion for Temporary Restraining Order. (Dkt. No. 4). On October 9, 2025, the court denied without prejudice Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. (Dkt. No. 6). Now before the court is Plaintiff's renewed Motion to Proceed *In Forma Pauperis*. (Dkt. No. 9).

## II.   THE MOTION TO PROCEED *IN FORMA PAUPERIS*

Upon review of Plaintiff's financial disclosures in his Motion to Proceed *In Forma Pauperis*, the court concludes that he has adequately demonstrated that he is without income or assets to pay the filing fee. Accordingly, Plaintiff will be permitted to proceed *in forma pauperis*.

## III.   PRELIMINARY REVIEW

When a plaintiff proceeds without legal representation, the court must construe the complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). Because Plaintiff is proceeding without the prepayment of the filing fee, the complaint is subject to review to determine if it satisfies the requirements 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to

state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### IV. DISCUSSION

Plaintiff's complaint does not adequately set forth factual allegations identifying the alleged misconduct of each of the defendants. The allegations in the two-page complaint are presented in five "bullet summary" points. (Dkt. No. 1 at 1). Plaintiff complains of malicious prosecution, discrimination, false arrest and harassment. However, the claims are not set forth in a fashion which would permit any of the Defendants to file a meaningful response to the complaint. It would be unduly burdensome for the Defendants to try to identify the precise cause of action asserted against them, and the grounds upon which each claim is based. Accordingly, Plaintiff has failed to meet the pleading requirements for proceeding in this court. *See Bagheri v. Galligan*, 160 Fed. Appx. 4, 2005 WL 3536555, at *1 (1st Cir. 2005) (affirming dismissal of complaint because, among other things, it failed to state clearly which defendant or defendants committed each of the alleged wrongful acts, and explaining that "[the district court's requirement of an amended complaint] to remedy this deficiency . . . did not demand more than the minimum necessary to satisfy notice pleading standards").

In addition, this court abstains from exercising jurisdiction over this action to the extent that it would interfere with an on-going matter in the courts of the Commonwealth of Massachusetts. "*Younger* abstention doctrine . . . requires a district court to stay or dismiss the federal action in favor of the continued prosecution of the state-court litigation." *Coggeshall v. Massachusetts Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010) (referencing *Younger v. Harris*, 401 U.S. 37, 41 (1971)).

For these reasons, the court concludes that the complaint fails to state a claim upon which relief may be granted. If Plaintiff chooses to pursue this action, he must file an amended complaint by December 3, 2025. While Plaintiff may include exhibits that are relevant to the claims, *see* Fed. R. Civ.

P. 10(c), use of exhibits does not excuse Plaintiff of his responsibility to clearly and succinctly set forth the relevant allegations in the body of the amended complaint.

The case caption of any amended complaint should clearly name each party he intends to sue. *See* Fed. R. Civ. P. 10(a). The amended complaint must clearly identify each defendant and each defendant's alleged misconduct. Plaintiff should set forth facts as to who did what to whom, when, where, and why. In the "Statement of Claim" section of any amended complaint, Plaintiff should provide "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). Plaintiff should also put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The filing of an amended complaint completely replaces the original complaint. *Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt.*, 644 F.3d 5, 9 (1st Cir. 2011). Accordingly, if there are allegations in the original complaint that Plaintiff still wishes to rely upon, he must include them in the amended complaint. Moreover, if an amended complaint is filed, it will be further screened. Plaintiff is warned that if he fails to file an amended complaint in accordance with the instructions set forth herein, this action will be dismissed.

## V. CONCLUSION

For the reasons set forth above,

1. Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. No. 9) is ALLOWED.

2. If Plaintiff wishes to pursue this action, he must, by December 3, 2025, file an amended complaint that cures the pleading deficiencies of the original complaint. If he fails to do so by the December 3rd deadline, this action will be dismissed.

It is So Ordered.

     /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge