UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTOPHER W. WEEKS,

    Plaintiff,

       v.

TOWN OF ASHLAND, et al.,

    Defendants.

Civil Action No. 25-30165-MGM

<u>ORDER</u>
December 22, 2025

MASTROIANNI, U.S.D.J.

For the reasons stated below, Plaintiff's three motions for injunctive relief (each docketed as an "emergency motion") are denied without prejudice subject to refiling with an amended complaint.

Christopher Weeks ("Plaintiff") initiated this civil action on September 19, 2025, by filing a motion for leave to proceed *in forma pauperis* (Dkt. No. 3) and his self-prepared "Emergency Complaint for Declaratory and Injunctive Relief Under 42 U.S.C. § 1983, Emergency Motion for Temporary Restraining Order (TRO), and Demand for Jury Trial" against Defendants including the Town of Ashland, City of Framingham, Framingham Police Department, Ashland Police Department, the Middlesex District Attorney, and various police officers. (Dkt. No. 2). The court denied Plaintiff's emergency motion by Electronic Order (Dkt. No. 4), explaining it may not interfere with ongoing state criminal judicial proceedings pursuant to the *Younger* abstention doctrine.

By Order dated October 8, 2025, Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) was denied without prejudice. (Dkt No. 6). On October 30, 2025, Plaintiff filed a new motion for leave to proceed *in forma pauperis*. (Dkt. No. 9). By Memorandum and Order (Dkt. No.

10) dated November 3, 2025, the court granted Plaintiff leave to proceed *in forma pauperis* and advised him that the complaint fails to adequately set forth factual allegations identifying the alleged misconduct of each of the defendants. (*Id.* at 3.) In addition, Plaintiff was advised that this court abstains from exercising jurisdiction over this action to the extent that it would interfere with an on-going matter in the courts of the Commonwealth of Massachusetts. (*Id.*) The court advised Plaintiff that if he wished to proceed, he must, by December 3, 2025, file an amended complaint that cures the pleading deficiencies of the original complaint. (*Id.* at 4.) By Electronic Order (Dkt. No. 13) dated December 4, 2025, the court allowed Plaintiff's request for an extension of time until January 17, 2026 to file the amended complaint.

Now pending before the court are Plaintiff's emergency motions: for reinstatement of Plaintiff's driver's license (Dkt. No. 19), to compel the City of Framingham and the Commonwealth's public records division to preserve and produce records responsive to Plaintiff's public records requests (Dkt. No. 20), and to compel the Massachusetts Peace Officer Standards and Training Commission ("POST commission") to take certain actions concerning Plaintiff's requests. (Dkt. No. 21.) The motions are accompanied by numerous exhibits. (Dkt. Nos. 22-25.)

As an initial matter, Plaintiff has not filed an affidavit or a verified complaint as required by Fed. R. Civ. P 65(b)(1) and has not filed a supporting memorandum as required by under Local Rule 7.1(b)(1). In addition, because Plaintiff's complaint is subject to dismissal for the reasons explained in the court's November 3, 2025 Memorandum and Order, he is unable to show a likelihood of success on the merits.

Accordingly, Plaintiff's Emergency Motions (Dkt. Nos. 19 – 21) are DENIED without prejudice subject to refiling with an amended complaint. Plaintiff is reminded that he was granted an extension until January 17, 2026 to file an amended complaint. If he fails to do so by the January 17 deadline, this action will be dismissed.

2

It is So Ordered.

 /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge