UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTOPHER W. WEEKS,

    Plaintiff,

        v.

TOWN OF ASHLAND, et al.,

    Defendants.

Civil Action No. 25-30165-MGM

ORDER
April 10, 2026

MASTROIANNI, U.S.D.J.

On November 3 2025, the court allowed Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs and ordered Plaintiff to file an amended complaint that sets forth a plausible claim upon which relief may be granted. (Dkt. No. 10). The Memorandum and Order explained that Plaintiff's two-page complaint failed to adequately set forth factual allegations identifying the alleged misconduct of each of the defendants. (*Id.*) In addition, pursuant to the *Younger* abstention doctrine, the court refrains from interfering with an on-going matter in the courts of the Commonwealth. (*Id.*) The Memorandum and Order stated that failure to file an amended complaint on or before December 3, 2025, would result in dismissal of this action. (*Id.*) Plaintiff's subsequent motions were denied and he was granted an extension until January 17, 2026, to file an amended complaint. (Dkt. No. 26).

On January 16, 2026, Plaintiff filed an amended complaint. (Dkt. No. 28). However, the amended complaint fails to sufficiently remedy the fatal pleading flaws in the original complaint. The amended complaint identifies as defendants Charlie Sisitsky, Sean Riley and Susan Mortensen Robie, as well as the following Defendants who were also named in the original complaint: Town of

Ashland, City of Framingham, Framingham Police Department, Ashland Police Department, Nancy Hamilton, Nevin Hamilton, Michael Herbert, and Cara Rossi.

The claims in the amended complaint are primarily asserted collectively against the Defendants and it is virtually impossible to cull out the causes of action asserted against each of the Defendants separately. Further, Plaintiff makes bald assertions that the Defendants violated his rights, but apart from these assertions he does not clearly link specific factual allegations of wrongdoing against each Defendant. Rather, these assertions are generalized and made as part of a general description of his claims. At this stage, it is simply unfair to require the Defendants to respond to the amended complaint in its current form. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (defendants cannot be expected to respond to pleadings that are prolix and confusing as to what the claims are and against whom).

As to his former Ashland neighbors, Plaintiff alleges that they "contacted Ashland officials through private channels misrepresenting Plaintiff's conduct." (Dkt. No. 28 at 5). An essential requirement for an action under 42 U.S.C. § 1983 is that the defendant acted "under color of state law," as § 1983 imposes liability only for conduct attributable to the State. Private action does not give rise to a § 1983 violation. *See Lindke v. Freed*, 601 U.S. 187 (2024). In addition, "the mere filing of . . . false police reports, by themselves and without more, [does] not create a right of action in damages under 42 U.S.C. § 1983." *Fofana v. City of Worcester*, 2026 WL 207192, at *16 (D. Mass. Jan. 27, 2026) (quoting *Landrigan v. City of Warwick*, 628 F.2d 736, 745 (1st Cir. 1980)). Because Plaintiff has not made any allegations showing that these two parties were acting under color of state law, the § 1983 claims against them fail.

Therefore, for the foregoing reasons, the court finds that Plaintiff's amended complaint does not "plausibly narrate a claim for relief." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). If Weeks chooses to pursue this action, he will be granted an opportunity to file a

second amended complaint. Weeks is reminded that while he may include exhibits that are relevant to the claims, *see* Fed. R. Civ. P. 10(c), use of exhibits does not excuse Weeks of his responsibility to clearly and succinctly set forth the relevant allegations in the body of the second amended complaint. The filing of a second amended complaint completely replaces the original and amended complaints. *Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt.*, 644 F.3d 5, 9 (1st Cir. 2011). If there are allegations in the original or amended complaints that Weeks still wishes to rely upon, he must include them in the second amended complaint. If a second amended complaint is filed, it will be further screened.

For the reasons set forth above, if Plaintiff wishes to pursue this action, he must, by May 11, 2026, file a second amended complaint that cures the pleading deficiencies of the original and amended complaints. If he fails to do so by the May 11th deadline, this action will be dismissed.

It is So Ordered.

/s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge

3